UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MARK A. GODBOLD | * | CIVIL ACTION |
| | * | |
| | * | NO. 07-5263 |
| | * | |
| MAERSK LINE, LIMITED ET AL | * | SECTION "L"(2) |

**ORDER & REASONS**

Before the Court is Defendant Maersk Line, Limited's Motion for Summary Judgment (Rec. Doc. No. 21). For the following reasons, the motion is DENIED.

**I.   BACKGROUND**

This case arises from injuries sustained by Matthew Godbold on April 27, 2008 while he was employed by the Defendant, Maersk Line, Limited ("Maersk") as a seaman assigned to the military supply vessel USNS Bellatrix. Maersk was at all pertinent times the contract operator of the USNS BELLATRIX and Plaintiff's Jones Act employer.

The Plaintiff was employed by Maersk as an able-bodied seaman ("A/B") who, when the ships were sailing, would work as a "seaman unlimited." At the time of the injury the vessel was on standby on reduced operating status ("ROS"). When the vessel was on ROS, which was approximately 70-75% of the time, the Plaintiff worked as a security A/B standing the 1600 to 2400 hours watch. Each day, when the Plaintiff completed his watch at midnight, he would return to his home. The next day, at approximately 1500 hours, he would return to the BELLATRIX.

On April 27, 2008, at approximately 1530 hours, the Plaintiff suffered severe injuries in a motorcycle accident that occurred while he was making his daily commute from his

home in Slidell to the vessel, which was moored in Violet, Louisiana. The Plaintiff exited I-10 at the I-510 exit, heading toward Violet, Louisiana. He was stopped by a policeman who was acting as an escort to other vehicles. While stopped, a pickup truck rear-ended him, causing him to be ejected from his motorcycle and sustain various personal injuries. The Plaintiff sues for maintenance and cure benefits from his employer, Defendant Maersk Line, Limited, and any damages resulting from the failure to pay maintenance and cure, including attorney fees and compensatory damages.

The Defendant Maersk denies liability. The Defendant claims that the Plaintiff was not in service of the vessel at the time he sustained the injuries. The Defendant further alleges that the USNS Bellatrix is a public vessel, owned by the United States, so this suit is governed by the Public Vessels Act and the Suits in Admiralty Act. Accordingly, as a private contract operator of the ship, and an agent of the United States, Maersk is not a proper party.

The Plaintiff has also sued Plaintiff's car insurance company, Allstate Insurance Company, and the driver of the vehicle with which he collided, and has settled those claims. The only remaining claim is the Plaintiff's maintenance and cure claim against Maersk.

## II.     PRESENT MOTION

Maersk moves for summary judgment arguing that the Plaintiff is not entitled to maintenance and cure because he was not in service of the vessel at the time of the automobile accident. The Defendant asserts that there was no planned activation of the vessel to full operating status ("FOS") and the Plaintiff was not subject to foreign or irregular accommodations; he was simply returning to work for his daily eight-hour shift. Thus, the Defendant argues, he was not in service of the vessel at the time of this injury and his maintenance and cure claim should be dismissed.

The Defendant seeks to distinguish cases involving seamen injured in automobile accidents where those seamen have been found to be in the service of the vessel as cases where the seaman was injured while riding in a company vehicle, or performing an errand for the vessel, or traveling in a vehicle driven by a crewmember who was in service of the vessel, none of which was the case here. Because the Plaintiff chose the route to work, and because the Plaintiff was not compensated for his travel time, the Defendant argues that the Plaintiff was not in the service of the vessel.

In response, the Plaintiff argues that because FOS could be called any time by the Plaintiff's employer, and because the activation of FOS required the Plaintiff to return, the Plaintiff was answerable to the call of duty of the vessel. Furthermore, the Plaintiff worked fifty-two (52) weeks per year for Maersk, and was not free to secure other employment during ROS periods. Thus, the Plaintiff argues, a reciprocity of obligation existed between the seaman and the employer and the Plaintiff was in service of the vessel.

## III. LAW AND ANALYSIS

Summary judgment is only appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When considering a motion for summary judgment, the district court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir.1986). "A factual dispute is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. A fact is 'material' if it might affect the outcome of the suit under the governing substantive law." *Beck v. Somerset Techs., Inc.*, 882 F.2d 993, 996 (5th Cir.1989). If the party moving for summary

judgment demonstrates the absence of a genuine issue of material fact "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir.1995).

      The right of recovery for maintenance and cure is given to the seaman by the General Maritime Law and it is not dependent on where the injury is inflicted but on the nature of the service and its relationship to the operation of the vessel plying in navigable waters. The meaning of the term 'course of employment' is the equivalent of 'the service of the ship' formula used in maintenance and cure cases. *See Daughdrill v. Diamond Drilling Company,* 447 F.2d 781, 783 (5th Cir. 1971).

      The nature and foundations of liability for maintenance and cure require that it not be narrowly confined or whittled down by restrictive and artificial distinctions defeating its broad and beneficial purposes. *See Aguilar v. Standard Oil Co. of N.J.*, 318 U.S. 724, 735 (1943). "If leeway is to be given in either direction, all the considerations which brought the liability into being dictate it should be in the sailor's behalf." *Warren v. United States*, 340 U.S. 523 (1951).

      The Defendant takes the position that the Plaintiff is akin to the plaintiff in *Foret v. Co-Mar Offshore Corporation*, injured in an automobile accident while traveling to the vessel, when "that date had no connection whatsoever with [the plaintiff's] duties and obligations aboard the vessel other than the implicit commitment to return to it as a requisite to his employment." 508 F.Supp.980, 982 (E.D. La. 1981) (Beer, J.). However, the plaintiff in *Foret* was not subject to the call of the vessel and was not required to work when he did not wish to work. In the instant case, the Plaintiff was required to return to his ship upon immediate notice of his employer. The Defendant's argument that FOS could not occur without 72 hours notice does

not change the fact that the Plaintiff could be subject to foreign travel or irregular accommodations at any time. The vessel was subject to FOS for an unknown voyage destination for an unknown length of time due to the nature of the vessel as a military supply ship. Furthermore, the employer had a vital interest in having the Plaintiff return to work on a daily basis, and did not provide the Plaintiff with living quarters. *See e.g. Vincent v. Harvey Well Service*, 441 F.2d 146, 149 (5th Cir. 1971) (employee in service of vessel while traveling home in car with driver paid by employer, where employer had no living quarters for men, necessitating long daily commute).

The Plaintiff worked on a traditional vessel that just happened to be docked in Violet, Louisiana at the time of the injury. Although he could return home on a daily basis while the ship was on ROS, the crew remained permanently attached to the vessel and subject to the call of the vessel at any time. Working fifty-two (52) weeks each year, the Plaintiff was not free to have other employment, like other plaintiffs, who worked in regular hitches of certain days offshore followed by an agreed-upon number of days on land, found not to be in service of the vessel at the time of their injuries. *See, e.g. Daughdrill v. Diamond M. Drilling Company*, 447 F.2d 781 (5th Cir. 1971) (finding plaintiff not in course of employment when he worked "10/5" hitches, was free to do as he pleased when off, rarely called when off, and not obliged to answer call, and responsible for own transportation).

Subject to the obligatory recall that occurred 25-30% of the time,[1] the Plaintiff was not "to a large extent able to maintain the home life of ordinary shore dwellers." *Sellers v. Dixilyn Corp.*, 433 F.2d 446, 448 (5th Cir. 1970). The Plaintiff and his employer contemplated and agreed to these conditions of employment in which duty could be called for a voyage for the

---

[1] *See* Dep. of Mark Goldbold, Rec. Doc. No. 21-5.

military at any moment. Due to the nature of the Plaintiff's employment, the Plaintiff was answerable to the call of duty and thus, was in the service of the vessel.

**IV.    CONCLUSION**

For the foregoing reasons, IT IS ORDERED that the Defendant is Maersk Line, Limited's Motion for Summary Judgment (Rec. Doc. No. 21) is hereby DENIED.

New Orleans, Louisiana this 13th day of March, 2009.

_____
UNITED STATES
DISTRICT JUDGE